UNITED STATES DISTRICT COURT

for the

## Southern District of Texas

| | |
|---|---|
| Plaintiffs,<br>Ali Mudhafar Abdulla, Khudhur Ali Mudhafar Al dulaimi, Fadhl Ali Mudhafar Aldulaimi, Mohaiman Ali Mudhafar Aldulaimi and Alyaa Kamil Shalash Almaliki individually and on Behalf of All Other Similarly Situated,<br>v.<br>    Defendants,<br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU, Director of USCIS and UNITED STATES OF AMERICA, Alejandro Mayorkas, Secretary, DHS, | 4-23-cv-03064 |

**ORIGINAL COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

### I. PREFATORY STATEMENT

This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the All the Plaintiffs` Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

The Plaintiffs were granted Refugee status and entered the United States on or about September 16, 2014, and they properly filed an adjustment of status application with the Defendant U.S. Citizenship and Immigration Services ("USCIS") and was accepted and they all fully comply with the process and did the fingerprint as required.

Since then, the Plaintiffs' applications remain within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff. The delay for over 7 years is severe and totally unreasonable.

### II. JURISDICTION

This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter

presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). See Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act „within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to „compel agency action ... unreasonably delayed," 5 U.S.C. § 706(1).").

Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate the Plaintiffs` unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. See Liu v. Novak, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is ... significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action.").

Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified ... to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. See Liu, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiffs`. APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); see also Villa v. U.S. Dep't of Homeland Sec., 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); Aslam v. Mukasey, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. See, e.g., Shahid Khan v. Scharfen, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); Jones v. Gonzales, Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . shall be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the

applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above- cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. See Matter of Sealed Case, 151 F.3d 1059, 1063 (D.C. Cir. 1998); see also First Federal Savings and Loan Association of Durham v. Baker, 860 F.2d 135, 138 (4th Cir. 1988).

As set forth below, the delay in processing all the Plaintiff's properly filed application for adjustment of status is unreasonable and sever.

### III. VENUE

Venue is proper in this district under 28 U.S.C. § 1391(e)(1)(C) because Ali Mudhafar Abdulla, Khudhur Ali Mudhafar Al dulaimi, Fadhl Ali Mudhafar Aldulaimi, Mohaiman Ali Mudhafar Aldulaimi and Alyaa Kamil Shalash Almaliki all reside in this district and no real property is at issue.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of their properly filed applications to adjust status, which have been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for more than 7 years. The Plaintiff/s has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process his application to adjust status in a timely manner.

### V. PARTIES

The Plaintiff, Ali Mudhafar Abdulla, resides in Texas, United States. He was born in Baghdad, Iraq on or about October 31, 1977, and is a citizen of Iraq. His alien registration number is 212371309 , and his receipt number is LIN1690470054.

The Plaintiff, Alyaa Kamil Shalash Almaliki, resides in Texas, United States. She was born in Baghdad, Iraq on or about July 5th, 1978, and is a citizen of Iraq. Here alien registration number is 212371310, and his receipt number is LIN1690470053.

The Plaintiff, Khudhur Ali Mudhafar Abdulla Aldulaimi resides in United States. He was born in Baghdad, Iraq on or abut June 25th 2010 and is a citizen of Iraq. His alien registration number is 212565845, and his receipt number is LIN1690549012

The Plaintiff, Fadhl Ali Mudhafar Abdulla Aldulaimi, resides in United States. He was born in Baghdad, Iraq on or about June 25th 2010 and is a citizen of Iraq. His alien registration number is 212565846, and his receipt number is LIN1690549011.

The Plaintiff, Muhaimen Ali Mudhafar Abdulla Aldulaimi, resides in Texas United States. He was born on or about August 6th 2006 in Baghdad, Iraq in 2006 and is a citizen of Iraq. His alien registration number is 212371311and his receipt number is LIN1690549012.

The Defendants;

Ur Jaddou, Director, United State Citizenship and Immigration Services (USCIS)

Alejandro Mayorkas, Secretary, DHS;and t Director, Scott Harris USCIS Texas Service Center, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6. USCIS received the all the Plaintiff's application for adjustment of status for over 7 years. USCIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

## VI. FACTS AND PROCEDURAL HISTORY

All The Plaintiffs filed their I-485 application for adjustment of status with USCIS over 7 years ago. The applications are currently pending at the USCIS Texas Service Center. USCIS"s published case adjudication guidelines indicate that the agency is currently reviewing I-485 applications filed approximately 27.5 months ago; the adjudication of Plaintiff"s adjustment application clearly extends far beyond USCIS"s normal processing timeframe. USCIS Texas Service Center Processing Dates, available at https://egov.uscis.gov (last visited August 16, 2023).

The plaintiffs have made numerous request, telephonic communication, and in-person status inquiries with USCIS over the past years that there I-485 application has been pending, and they have repeatedly informed that the cases will be decided, but they never received a response.

The Plaintiffs are eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating their application is of great concern to them. Furthermore, the delay in adjudication has prevented from the ability for the family to sponsor other family members for immigration benefits, and it has also interfered with their ability to work, obtain educational loan and other benefit.

The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff"s application for adjustment of status. As more than 7 years have elapsed since the Plaintiffs filed their application to adjust status, they request that this Court instruct USCIS to release the case from hold and adjudicate the I-485 application without further delay.

## VII. CAUSE OF ACTION

The Plaintiffs are entitled to adjust their status to lawful permanent resident pursuant to INA §209, 8 U.S.C. § 1159.

The Defendants have sufficient information to determine the Plaintiffs` eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiffs` application to adjust status for

more than 7 years thereby depriving the Plaintiffs of their right to a decision on thier immigration status and the peace of mind to which they are entitled.

The Plaintiffs` ability to travel out of the country has also been restricted, as they are required to renew their Work permit annually since their immigration status remains pending.

The Defendants" inaction in the Plaintiffs` case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiffs, who is entitled to a decision on their application to adjust status without further unreasonable delay.

## VIII. CLAIMS

A mandamus for each Plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002); Citizens for Ethics and Responsibility in Wash. v. Cheney, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also Liu, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] ... does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice""") (quoting Sierra Club v. Thomas, 828 F.3d 783, 794 (D.C. Cir. 1987)); Aslam, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam"s petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

All the Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking adjustment of status, including submission of all necessary forms and supporting documents.

The Defendant, USCIS, has unreasonably failed to adjudicate the Plaintiffs` application to adjust status for over 7 years, thereby depriving the Plaintiffs of thier rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

The Defendants owe the Plaintiffs a duty to adjudicate their adjustment of status application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiffs have no alternative means to obtain adjudication of his I-485 adjustment application and his right to issuance of the writ is "clear and indisputable." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); see also Power, 292 F.3d at 784; Matter of Sealed Case, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); Liberty Fund, Inc., 394 F. Supp. 2d at 114 (same).

The Court"s intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., Sierra Club, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); Northern States Power, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay ... we find it appropriate to issue a writ of mandamus ...."); Liu, 509 F. Supp. 2d at 9-10

(holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than 5 years for adjudication of his pending I-485 application, well beyond the agency''s own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

The Plaintiffs here in are entitled to action on their long-pending adjustment of status application, because an unreasonable amount of time has passed since their application was filed.

Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

Defendants'' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiff is entitled to attorney''s fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## IX. PRAYER

WHEREFORE, the Plaintiffs pray that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate Plaintiffs` I-485 Application to Adjust Status without further delay.
2. Grant attorney''s fees and costs of court to the Plaintiffs under the Equal Access to Justice Act ("EAJA");
3. Grant such other and further relief as this Court deems proper.

---

Respectfully submitted this August 21st 2023,

By Dalya Alabbassi   DA

Alabbassi PLLC

Texas Bar Number: 24113524

9950 Westpark Dr ste 308

Houston, Texas 77063

Phone: Fax: (832)303-1179

Counsel for Plaintiffs Alyaa Kamil Shalash Almaliki, Ali Mudhafar Abdulla, Khudhur Ali Mudhafar Aldulaimi, Fadhl Ali Mudhafar Aldulaimi and Muhaimen Ali Mudhafar Aldulaimi

## Certificate of service

I certified that Pursuant to Federal Rules of Civil Procedure, Rule 4(i)(2), On 8/22/2023 I mailed summons and complaints of the above document against the Defendant/s or its personnel in their official capacity by registered or certified mail, to:

1. United States of America
   c/o Alamdar S. Hamdani United States Attorney
   1000 LOUISIANA SUITE,
   2300 Houston, Texas 77002

2. U.S Attorney General
   United States Attorney General
   U.S. Department of Justice
   10th & Constitutional Avenue,
   N.W. Washington, D.C. 20530

3. Civil Process Clerk
   United States Attorney's Office
   1000 Louisiana, Suite 2300 Houston, Texas 77002

4. USCIS Office of the Chief Counsel

    5900 Capital Gateway Drive Mail Stop 2120
   Camp Springs, MD 20588-0009

5. The Honorable Alejandro Mayorkas
   Secretary of Homeland Security
   Washington, DC 20528

Also **emailed** to: uscis.serviceofprocess@uscis.dhs.gov and USATXS-CivilNotice@usa.doj.gov

/s/ Dalya Alabbassi   DA
Texas Bar Number:24113524
Dalya Alabbassi, Esq.